**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Andrew Pope,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>　　　　Defendant. | No. CIV 10-524-TUC-GEE<br><br>**ORDER** |

Pending before the court is the plaintiff's motion for attorney's fees and costs pursuant to the Equal Access to Justice Act (EAJA), filed on December 19, 2011.  (Doc. 29)

The plaintiff filed this action for review of the final decision of the Commissioner for Social Security pursuant to 42 U.S.C. § 405(g).  In an order issued on September 20, 2011, this court reversed the Commissioner's final decision and remanded the case for further proceedings. The plaintiff moves for attorney's fees and costs in the amount of $7288.97 pursuant to the EAJA, 28 U.S.C. § 2412(d).  (Doc. 29)  The defendant filed a response arguing the motion for attorney's fees should be denied because the government's position was substantially justified. (Doc. 30)  The plaintiff filed a reply in which he argues he is entitled to an additional $1,443.36 for litigating this motion.  (Doc. 31)

Discussion

Pursuant to the Equal Access to Justice Act (EAJA):

> [A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, *unless* the court finds that the position of the United States was *substantially justified* or that special circumstances make an award unjust.

*Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) (quoting 28 U.S.C. § 2412(d)(1)(A)) (emphasis added). The phrase "fees and other expenses" includes reasonable attorney's fees. *Shafer*, 518 F.3d at 1071. "[T]he specific purpose of the EAJA is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 163, 110 S.Ct. 2316, 2321- 2322 (1990).

The plaintiff in this case argues that attorney's fees in the amount of $8,732.33 should be awarded. The Commissioner argues the motion should be denied because the government's position was "substantially justified." (Doc. 30)

"'Substantial justification' under the EAJA means that the government's position must have a reasonable basis in law and fact." *Shafer*, 518 F.3d at 1071. "Put another way, substantially justified means there is a dispute over which reasonable minds could differ." *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005) (punctuation omitted).

In this case, the ALJ found Pope was not disabled because he could work as an assembler, wrapper, or surveillance systems monitor. (Doc. 27, p. 8) The court found the decision of the ALJ was not supported by substantial evidence because at least two of those jobs require repetitive fine motor activity whereas Pope has been diagnosed with carpal tunnel syndrome and considered a candidate for surgery. (Doc. 27, p. 11) The carpal tunnel diagnosis was made after the ALJ rendered her opinion, but it was submitted to the Appeals Council and included in the administrative record. The Appeals Council accepted Pope's new medical evidence but nevertheless denied review.

In its defense of the ALJ's opinion, the Commissioner argued, among other things, that newly submitted medical records should not be considered when evaluating the decision of the

ALJ. The Commissioner argues here that its litigation position was substantially justified because the case law in the Ninth Circuit on this issue is "somewhat unsettled." (Doc. 30, p. 4) This court, however, must consider not only the litigation posture of the agency, but its prelitgation position as well. *See* 28 U.S.C. § 2412(d)(1)(B); *Shafer*, 518 F.3d at 1071 ("The government's position must be substantially justified at each stage of the proceedings.").

The court finds that the Appeals Council was not substantially justified in refusing Pope's request for review in light of the new and material evidence presented of his carpal tunnel diagnosis. *See* 20 C.F.R. § 404.970(b). The ALJ concluded Pope was not disabled because he could work as an assembler, wrapper, or surveillance systems monitor. (Doc. 27, p. 8) Pope, however, has been diagnosed with carpal tunnel disease severe enough to make him a candidate for surgery. This condition materially affects his ability to work at a job requiring repetitive fine motor activity such as an assembler or wrapper. Reasonable minds could not differ on this issue. *See, e.g., Troyer v. Heckler*, 613 F.Supp. 1219 (D.C. Kan. 1985) (Appeals Council was not substantially justified in refusing to correct the ALJ's decision after submission of new evidence from claimant's treating physician.). Accordingly,

IT IS ORDERED that the plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), filed on December 19, 2011, is GRANTED in PART. (Doc. 29) The plaintiff is awarded attorney's fees in the amount of $8,732.33.

Plaintiff's counsel moves that EAJA fees be paid directly to him based on Pope's assignment dated June 24, 2008. (Doc. 29-1) This assignment, however, runs afoul of the Assignment of Claims Act, 31 U.S.C. § 3727(b), which forbids the assignment of claims against the U.S. government until after those claims are actually allowed. Accordingly, this court will not order the Commissioner to issue payment directly to Pope's attorney.

DATED this 8th day of February, 2012.

_____
Glenda E. Edmonds
United States Magistrate Judge

- 3 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28